UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

GABRIEL A. MARTINEZ,   ) CV 13-6741-SH
                      )
        Plaintiff,    ) MEMORANDUM DECISION
                      ) AND ORDER
    v.                )
                      )
CAROLYN W. COLVIN, Commissioner, )
Social Security Administration,  )
                      )
        Defendant.    )
_____)

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorized the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Complaint with Memorandum in Support of Plaintiff's Complaint; Defendant's Brief); and the defendant has filed

the certified transcript of the record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

## I. BACKGROUND

On March 16, 2010, plaintiff Gabriel A. Martinez filed an application for a period of disability or Disability Insurance Benefits, alleging an inability to work since March 6, 2010 due to lumbar radiculopathy and back pain (See Administrative Record ["AR"] 14, 125-26). Plaintiff's claim was denied initially on September 22, 2010 and upon consideration on January 7, 2011 (AR 14, 67, 71). Plaintiff requested a hearing before an administrative law judge ("ALJ") on March 14, 2011, which was held on April 12, 2012 (AR 14, 27, 82-83). On May 22, 2012, the ALJ issued an unfavorable decision (AR 22). The Appeals Council denied Plaintiff's request for review (AR 1). Plaintiff commenced this civil action seeking judicial review of his case.

## II. DISCUSSION

**A. The ALJ Properly Evaluated the Medical Opinions on the Record**

The ALJ considered the medical opinions on the record and made an RFC finding in accordance with the evidence presented to him. The ALJ considered the opinions of treating physicians Dr. Herron, Dr. Monroy, Dr. Dandillaya, Dr. Gupta, Dr. Gonzalez, and Dr. Mazzone, medical examiner Dr. Schienberg, examining orthopedist Dr. Van Kirk, and state agency medical consultant Dr. Bobba (AR 17-20).

Dr. Mazzone is a primary treating physician who treated Plaintiff for chronic low back pain in 2011 and 2012. Dr. Mazzone diagnosed Plaintiff with lumbar strain on February 21, 2011 and placed him on temporary disability for four months (AR 296-98). Dr. Mazzone conducted a functional capacity assessment in April of 2012 and found that Plaintiff could perform sedentary

work where he could lift or carry up to 10 pounds frequently and sit, stand, or walk 6 hours in an 8-hour workday (AR 300). The report also concluded that Plaintiff's condition would pose a disruption of 30 to 40 hours per month to a regular work schedule (AR 300).

Plaintiff argues that the ALJ erred in discounting Dr. Mazzone's findings as to the likely disruption to the Plaintiff's work schedule. Defendant argues that the ALJ reasonably relied on the more detailed and well-supported opinions of the other treating and examining physicians instead of the conclusory and unsupported finding of Dr. Mazzone. Defendant asserts that Dr. Mazzone failed to provide objective medical support for his finding or to cite supporting evidence, so the ALJ rejected the finding as "conclusory and brief and unsupported by clinical findings." See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Furthermore, Defendant claims that Dr. Mazzone's work disruption finding is inconsistent with his 2011 report and with the findings of the other treating physicians concluding that Plaintiff was able to perform at least sedentary work. Therefore, the ALJ is responsible for resolving the inconsistency between incongruent opinions of treating physicians. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

An ALJ is "not bound by an expert medical opinion on the ultimate question of disability." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Moreover, an ALJ can reasonably reject a medical opinion that conflicts with findings of other treating physicians regarding a claimant's work-related limitations as long as the ALJ provides specific and legitimate reasons for disregarding the opinion. See Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). However, an ALJ can reject a treating physician's opinion for being conclusory, brief, and not supported by clinical findings. Id.

Here, the ALJ correctly evaluated Dr. Mazzone's functional capacity assessment report and his finding regarding the likely disruption to Plaintiff's

potential work schedule. The ALJ identified specific and legitimate reasons supported by substantial evidence in rejecting Dr. Mazzone's opinion. The finding, which stated that Plaintiff's limitation is likely to disrupt a regular work schedule 30 to 40 hours per month, was conclusory, consisted of a short phrase, and lacked objective medical support. Dr. Mazzone's earlier (2011) findings that Plaintiff can lift or carry 10 pounds frequently and sit, stand, or walk for 6 hours in an 8-hour workday is inconsistent with the 2012 assertion that Plaintiff cannot sustain a work schedule requiring light exertion.

Additionally, Plaintiff's other treating physicians Dr. Herron, Dr. Monroy, Dr. Dandillaya, Dr. Gupta, and Dr. Gonzalez did not find multiple marked functional limitations and sufficiently severe impairments to amount to a disability (AR 18). Dr. Gonzalez asserted that Plaintiff could perform work of light exertion including lifting or carrying up to 20 pounds frequently and sitting, standing, or walking up to 6 hours in an 8-hour workday (AR 17, 268). Dr. Gupta did not impose any functional limitations on the Plaintiff (AR 17, 285-90). Dr. Herron only precluded the Plaintiff from doing work requiring heavy exertion (AR 17, 240). Hence, it was reasonable for the ALJ to consider the opinions of other treating physicians, and Dr. Mazzone's own previous findings, to conclude that Dr. Mazzone's assertion as to the likely disruption to Plaintiff's regular work is inconsistent with the record as a whole.

**B. The ALJ Properly Evaluated Plaintiff's Credibility**

Plaintiff asserts that the ALJ failed to properly evaluate his credibility and assess his subjective complaints. However, Defendant argues that the ALJ accurately considered Plaintiff's credibility.

The ALJ disregarded Plaintiff's testimony only as it concerned the extent of Plaintiff's inability to perform any work. The ALJ found that objective medical evidence and the testimony of the vocational expert did not support the

finding of disability and asserted that Plaintiff's subjective complaints were insufficient to support disability (AR 19). The ALJ may discount Plaintiff's subjective assertions of physical dysfunction as long as the ALJ provides sufficiently specific reasons supported by the record to ensure that Plaintiff's subjective complaints are not arbitrarily discredited. See Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 1991).

Here, the ALJ made credibility findings that were supported by clear and convincing reasons. While the ALJ acknowledged that Plaintiff has been diagnosed with the severe impairments of lumbar degenerative disc disease and back pain, and has not partaken in substantial gainful activity since March 6, 2010, the findings of most of Plaintiff's physicians indicate that he can perform at least sedentary work (AR 16, 18).

Though the ALJ cannot disregard Plaintiff's testimony solely because it is not supported by the medical record, the ALJ may consider a conflict between objective medical evidence and Plaintiff's subjective complaints in evaluating the credibility of the Plaintiff. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the findings of most of Plaintiff's treating physicians that Plaintiff's limitations would not preclude him from performing sedentary work contradict Plaintiff's claim that he cannot perform work of even light exertion (AR 18-19).

Moreover, the vocational expert testified that despite not being able to perform his previous work as a truck driver or cook, Plaintiff can perform a variety of light, unskilled work available in the economy such as an assembler or cashier in accordance with the limitations imposed by the weight of the medical evidence and the residual functional capacity assessment of the record (AR 19, 56-59). These jobs are either sedentary or can be performed with a sit-stand option, which accommodates Plaintiff's limitation of lifting or carrying up to 10 pounds occasionally or 5 pounds frequently, sitting up to 6 hours in an 8-hour

workday, and standing or walking for up to 2 hours in an 8-hour workday with occasional bending and stooping (AR 19, 57-58).

Furthermore, the ALJ cited conservative treatment and Plaintiff's ability to perform basic daily activities to support his adverse credibility finding (AR 17-20). The ALJ noted that the level of treatment Plaintiff received, specifically that no doctor recommended surgery, and that Plaintiff pursued conservative treatment including pain management and epidural injections, undermined Plaintiff's subjective complaints (AR 17-18). Conservative treatment may diminish Plaintiff's credibility regarding the severity of an impairment. Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007). Additionally, Dr. Herron's assertion that Plaintiff failed to follow the prescribed rehabilitation program undermines Plaintiff's assertion as to his level of dysfunction (AR 17, 240).

Plaintiff also stated that he performed chores including cleaning, washing dishes, performing a minimal amount of yard work, and cooking (AR 45, 161, 211). Moreover, Plaintiff indicated that he takes care of his three children while his wife is at work by driving them to and from school and helping them with homework (AR 20, 45, 159). Even if these activities do not necessarily translate into an ability to perform sedentary work, the ALJ can consider them in evaluating whether Plaintiff has a greater functional capacity than he alleges. See Valentine v. Commissioner, Soc. Sec. Admin., 574 F. 3d 685, 693 (9th Cir. 2009).

Overall, the ALJ provided sufficiently clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony regarding his level of dysfunction not fully credible.

The Court finds that ALJ properly evaluated the opinion of Dr. Mazzone and the credibility of the Plaintiff.

///

///

### III. CONCLUSION

For the foregoing reasons, the Decision of the Commissioner is affirmed and the Complaint is dismissed.

Dated: June 5, 2014

/s/ Stephen J. Hillman
_____
STEPHEN J. HILLMAN
United States Magistrate Judge